THE COUNTY COMMISSIONERS OF PRINCE GEORGE'S
COUNTY *vs.* THE COMMISSIONERS OF LAUREL.

*The 19th section of the Act of 1870, ch. 260, incorporating the
Town of Laurel, not repugnant to the Constitution, Art. 3
secs. 29 and 33, nor to the 15th Article of the Bill of Rights,
but Repealed by the Act of 1874, ch. 205, relating to Roads in
Prince George's County—A defective Application for Man-
damus—Construction of the Act of 1870, ch. 315, relating to
Roads in Prince George's County, repealed by the Act of
1874, ch. 205.*

The nineteenth section of the Act of 1870, ch. 260, entitled "An Act
to incorporate the Town of Laurel in Prince George's County,"
provides: "that so much of the labor or money by the present or
any future road law levied or taxed upon the owners of property or
residents within the limits of said corporation, shall be turned over
to said commissioners, and belong to and become a part of the in-
come of said corporation, to be by them appropriated for the im-
provement of roads within the limits of said corporation." The
appellants having, on demand, declined to comply with the provi-
sions of said law, the appellees applied to the Court below for a
*mandamus*, to compel their compliance therewith, alleging a levy of
a "tax for roads and bridges," by the appellants on the taxables of
the county, including the inhabitants of the Town of Laurel for the
years 1877 and 1878, and that the appellants had not paid over to
the appellees the whole of the said tax levied within said corpora-
tion for 1877, nor any part of that levied for 1878. The appellants
replied by an answer, in the nature of a demurrer: that the said
nineteenth section of the Act of 1870, ch. 260, was of no force and
virtue in law, and not binding on them. HELD:

1st. That the title of the Act of 1870, ch. 260, fulfills the requirements
of the Constitution, Art. 3, sec. 29.

2nd. That the said nineteenth section is not a special law but a
Public Local Law within the meaning of the Constitution, Art. 3
sec. 33.

Co. Comm'rs of Prince George's Co. *vs.* Comm'rs of Laurel.

3rd. That the said nineteenth section does not violate the 15th Article of the Declaration of Rights, which provides that "every person in the State, or person holding property therein, ought to contribute his proportion of public taxes for the support of the Government, according to his actual worth in real or personal property."

4th. But that the nineteenth section of the Act of 1870, ch. 260, is repealed by the Act of 1874, ch. 205; the second section whereof provides: "that the County Commissioners of Prince George's County, shall have power, and it shall be their duty to provide for the repairs of all public roads and bridges in said county, and to that end may adopt any mode or system they may deem most expedient for the purpose, and may levy upon the assessable property of the county, and pay the expenditures for such repairs," &c. And the seventh section whereof provides: "that all Acts relating to public roads in Prince George's County, inconsistent with the provisions of this Act, be, and the same are hereby repealed."

5th. That as by the eighteenth and nineteenth sections of the Act of 1870, ch. 260, the appellees were given power over the "roads" within the Town of Laurel, but as they had no authority over the "bridges" that might be within its corporate limits, if the Act of 1874, ch. 205, were not fatal to the application for *mandamus*, it could not be sustained, because it prayed for "road and bridge" money, and the order for *mandamus* was so issued by the Court below.

The Act of 1870, ch. 315, entitled "An Act to provide for maintaining and keeping in repair the public roads of Prince George's County," approved contemporaneously with that of 1870, ch. 260, being expressly repealed by the Act of 1874, ch. 205, which established a new road law for the county, it was intended that the nineteenth section of the Act of 1870, ch. 260, should fall with the repeal of the Act of 1870, ch. 315.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

Co. Comm'rs of Prince George's Co. *vs.* Comm'rs of Laurel.

*F. Snowden Hill,* for the appellants.

*Charles H. Stanley* and *N. C. Stephen,* for the appellees.

Irving, J., delivered the opinion of the Court.

This appeal presents the question, whether a *mandamus* granted by the Circuit Court for Prince George's County, upon the application of the Commissioners of Laurel against the County Commissioners of Prince George's County, was correctly granted. The nineteenth section of the act of 1870, ch. 260, incorporating the Town of Laurel, is as follows: "Section 19, and be it enacted, that so much of the labor or money, by the present, or any future road law levied or taxed upon the owners of property or residents within the corporate limits of said corporation, shall be turned over to said Commissioners, and belong to and become a part of the income of the said corporation to be by them appropriated for the improvement of roads within the limits of said corporation." The County Commissioners having, on demand, declined to comply with the provisions of said law, the Commissioners of Laurel filed their application to the Circuit Court for a *mandamus* to coerce their compliance. The petition alleges their incorporation by Act of 1870, ch. 260, and sets out the said nineteenth section of their act of incorporation. It also alleges a levy of a "tax for roads and bridges" by the County Commissioners on the taxables of the county, including the inhabitants of said Town of Laurel, for the years 1877 and 1878, and that although requested they have not paid over the whole of the tax "for roads and bridges" levied within said corporation for the year 1877, to said Town Commissioners, nor any part of that levied for 1878. and positively refuse to pay over; and it prays a *mandamus* to coerce the said County Commissioners to pay over said "tax for *roads and bridges*" levied within said corporate limits of said town. The

County Commissioners replied by an answer unsworn to, in the nature of a demurrer, and which having been treated, throughout the case, as a demurrer, we shall so regard it for the purposes of this decision. Sufficient cause against the application, in the judgment of the Court below, not having been shown, the Court ordered *mandamus* to issue, and the County Commissioners have appealed to this Court.

The causes assigned in the Court below, and in this Court against the *mandamus* are as follows:

1. Because the nineteenth section of the Act of 1870, ch. 260, has been repealed by sections 2 and 7 of the Act of 1874 ch. 205.

2. Because the title of the Act of 1870, ch. 260, does not fulfill the requirements of the 29th sec. of Art. 3 of the Constitution, which provides " that, every law enacted by the General Assembly shall embrace but one subject, and that shall be described in the title."

3. Because the nineteenth section of said Act of 1870, violates the Constitution, being a special law within the meaning of sec. 33 of Art. 3.

4. Because the said nineteenth section violates Art. 15 of the Bill of Rights, which provides that every person in the State or holding property therein, ought to contribute his proportion of public taxes for the support of the government, according to his actual worth in real or personal property.

We do not think any of the constitutional objections sustained in fact or by authority. The title of the Act which is " an Act to incorporate the Town of Laurel in Prince George's County," would naturally enough lead the mind to expect some provision for raising the ways and means to keep up the streets and roads of the town, and however unusual that provision may be, it was *germane* to the subject, and under the frequent rulings of this Court, and especially the case of *Meekins vs. The*

*County Commissioners of Dorchester County,* 50 *Md.,* 28, must be held free from objection on the score of infirm or insufficient title. The objection, that it is a special law, within the meaning of sec. 33, Art. 3 of the Constitution, is untenable, because this Court has frequently decided such laws to be Public Local Laws and not special laws. It has never been decided by this Court that the fifteenth Article of the Bill of Rights, was applicable to any taxation except that for the support of the State Government, but if it was to be held as applicable to municipal governments, it is hard to see how inequality of taxation would result from the operation of the 19th section of said Act of incorporation. It only provides that such taxes as are levied on the inhabitants or property in the Town of Laurel for *road* purposes, shall be expended on particular roads. It by no means establishes unequal taxation, but bestows the taxes collected in a particular locality on the roads of that locality. For aught that we know, it may have been a large proportion of the road tax collected in the county, and it may have left scanty means for keeping up other roads; perchance it may have resulted in a very burdensome tax on all; but it is not obnoxious to the criticism made on it by the answer. It is possible that while the Act of 1870, ch. 315, existed, it may have resulted in a special tax in special districts, to supply the roads of that district, but then the objection, if maintainable at all, would have been to the Act of 1870, ch. 315, and not to 19th section of the corporation charter of Laurel.

Having thus disposed of the untenable objections, we come to consider the first objection, to wit, that the Act of 1874, ch. 205, repeals the 19th section of the Act of incorporation, which, on full consideration, we think fatal to the application for *mandamus.* The Code, Art. 28, sec. 1, gives County Commissioners "control over the property owned by the county, and over county roads and bridges." And so far as Prince George's County was concerned, the

Act of 1867, ch. 290, designated the duties of the County Commissioners with reference to roads and bridges, and regulated the mode of commanding labor on the roads. This Act of 1867, was quite general in its character, and included so many counties in its operation as to have been codified under the Public General Laws, title "County Commissioners." Such being the law on April 4th, 1870, two new laws for Prince George's County, purely local in character, spring simultaneously into existence: the Act incorporating Laurel, and a special road law, being respectively chaps. 260 and 315 of the Acts of 1870. Being local laws to the extent of their inconsistency with the general law, the local prevailed; and while they had existence, the two had to be construed together and harmonized, as best they could be, for neither had claim to superiority over the other through posterior date, having been approved contemporaneously. By the 18th sec. of the Act 1870, ch. 260, the Commissioners of the Town of Laurel were empowered to "open and close streets, straighten, widen and improve the same, make causeways, establish the width and grade of side walks, curb, pave and set out shade trees thereon." Then follows the 19th section hereinbefore set out. These two sections convey to the said Town Commissioners all the authority they had, either express or implied over the roads, and very clearly by them, they got no power whatever over the bridges that might be within the corporation. Roads and bridges throughout the laws on the subject, though both are highways, are treated of differently, and always are specially named. The proceedings for building the one and opening the other, and the repair of both, under the General Law are different, and it is very clear if the Act of 1874, ch. 205, did not in our judgment apply to the defeat of the *mandamus* entirely, this application for it could not be sustained, because it prays for the road and bridge money both, and the order has gone for its issuance

for both. The proceedings inform us there are bridges in the corporation, and counsel admit there are bridges over the Patuxent in the town connecting Prince George's with Howard County; and if it were necessary to the case, we might perhaps be compelled to take judicial cognizance of the boundaries of the county, and of the fact that a bridge over the Patuxent at that place must connect it with another county. For the sake of illustration only, we assume it to be true that there is such a bridge, to show that we cannot interpolate by implication, "bridge" or "bridges" into the eighteenth and nineteenth sections of Laurel's charter, and that if it was, then it would be hard to sustain the provision. A bridge connecting the two counties must, by the Code, Art. 28, sec. 53, *et sequentes*, be built by concurrent action of the two counties and be sustained by both. It becomes a matter of contract wherein Howard County must look to Prince George's County Commissioners for fulfillment, and it would not be good faith to say the least, for Prince George's County Commissioners to turn over to other authorities the duty of meeting that obligation. However much difficulty there might exist in determining the respective duties and liabilities on the part of the said County Commissioners and said Town Commissioners to each other under these contemporaneous statutes, while both existed, and we can see not a little, it is not necessary for us to attempt it, for the Act of 1870, ch. 315, has been expressly repealed by the new road law for the county, 1874, ch. 205, and we think the nineteenth section of the said charter is also repealed by it. The Act of 1874, ch. 205, sets aside the whole road system before existing and substitutes an entirely new policy. The Act of 1870, ch. 315, had taken the power of districting the county for road purposes, and appointing road supervisors from the County Commissioners, the proper depository of such power, and had lodged it in the Circuit Court. It provided a special tax in the several districts in addition to the general tax

whenever necessity demanded, and in harmony with that idea turned over to Laurel by its charter, all taxes for road purposes received from her taxables, for use in Laurel. It was a system based on the idea of individual liability of the several districts for their own needs, after exhausting their proper proportion of the general tax. Looking at the two laws in the light of this general interest, when the whole scheme was abandoned, and an entirely new one was adopted, it is most reasonable to suppose, that it was intended that section nineteen of said charter should fall with the repeal of the Act of 1870, ch. 315. The seventh section of the Act of 1874, ch. 205, is "that all *Acts relating to public roads* in Prince George's County inconsistent with the provisions of this Act, be, and the same are hereby repealed." The provisions of the said nineteenth section are so inconsistent with and repugnant to the provisions of the new law, we think the said nineteenth section and the new law cannot both stand together, and that by the operation of said repealing clause, the said nineteenth section must fall. The second section of the Act of 1874, restores to the County Commissioners their control of the whole matter of roads, and appointing the districts and the supervisors in them, the compensation of supervisors to be fixed, and fixed in advance. The supervisors are to keep the roads and bridges in repair under the supervision and direction of the commissioners; and they are made liable to removal for neglect of duty. By the third section. the County Commissioners are authorized to employ a permanent corps of laborers under the supervision of officers, who may be required to give bond, &c. By the fourth section, the Commissioners are authorized to borrow money for road purposes on the bonds of the county, and to levy on the tax payers only the interest on the bonds. It is unnecessary to analyze the law further. These recitals of the provisions of some of the sections of the Act of 1874, ch. 205,

Co. Comm'rs of P. George's Co. *vs.* Pres. & Comm'rs of Bladensburg.

demonstrate the irreconcilable inconsistency and repugnancy between them and the said nineteenth section of Laurel's charter. If they could stand together with reasonable harmony, it would be our duty to so construe them; but analyzing the provisions of the Act of 1874, which, without exception in favor of Laurel, by express terms, applies to the whole county; we find such glaring inconsistency between them and the said nineteenth section, and see such difficulty and even impossibility of harmonizing the two, that if the repealing section was omitted, we should be compelled to apply the maxim, *leges posteriores priores contrarias abrogant*, and hold the nineteenth section of the said charter repealed.

The order of the Circuit Court awarding *mandamus* will be reversed.

*Order reversed with costs.*

(Decided 18th June, 1879.)