(Decided 27th March, 1889.)

---

## The County Commissioners of Prince George's County *vs.* Commissioners of Laurel.

*Unconstitutionality of Act of 1888, ch. 244, relating to Prince George's County—Taxation—Article 15, of the Bill of Rights.*

The second section of the Act of 1888, ch. 244, provides, "that the County Commissioners of Prince George's County, shall authorize and direct the treasurer of said county to pay, from time to time, to the Commissioners of Laurel, the amount of the tax levied or taxed upon the real property, within the limits of said town, to be appropriated and used by the said Commissioners of Laurel for the repair and improvement of the streets and roads within the limits of said town, and such other improvements as said Commissioners of Laurel shall deem proper." HELD:

That this Act, which practically exempts the owners of real estate in Laurel from contribution *pro tanto* to the necessary expenses of the county government, is in violation of Article 15, of the Bill of Rights, which requires equal contribution for the support of the government according to the actual worth of the tax-payer.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*William Stanley*, for the appellants.

*C. C. Magruder*, for the appellees.

IRVING, J., delivered the opinion of the Court.

The second section of the Act of 1888, ch. 244, provides, "that the County Commissioners of Prince George's County shall authorize and direct the treasurer of said county to pay, from time to time, to the Commissioners of Laurel, the amount of the tax levied or taxed upon the real property within the limits of said town, to be appropriated and used by the said Commissioners of Laurel for the repair and improvement of the streets and roads within the limits of said town, and for such other improvements as said Commissioners of Laurel shall deem proper." The Act was approved on the 4th day of April, 1888, and became immediately operative.

The Commissioners of Laurel demanded of the County Commissioners the execution of the law in favor of the town; but the County Commissioners refused to order the treasurer to pay the taxes levied on the real estate for the year 1888, to the Commissioners of Laurel; and they applied to the Circuit Court for a *mandamus* compelling the County Commissioners to comply with the provisions of the statute. A *mandamus* was ordered and from that order appeal was taken.

The County Commissioners contend that the Act of Assembly is invalid, 1. Because it is in violation of the 15th Article of the Bill of Rights, which requires equal contribution for the support of the government according to the actual worth of the tax-payer; 2ndly. Because it is in violation of section 29, of Article 3, of the Constitution in relation to the title of Acts of Assembly; and 3rdly. Because, if the Act is valid, it is not in terms retroactive and was not intended to apply to the year 1888, for which the levy was made before the Act went into effect, for the benefit of the creditors of the county. The view we take of the law will require us to consider only the first objection made to it.

The appellees contend that this Court has decided the main question involved on this appeal, in *County Com'rs of Prince George's County vs. The Commissioners of Laurel*, 51 *Md.*, 461, wherein the Act of 1880, ch. 144, was under consideration; but that view cannot be sustained. The cases are entirely dissimilar. The statutes are not alike.

The Act of 1880, ch. 144, directed the taxes levied *for road purposes* on the real estate in the town of Laurel, to be paid to its commissioners for the purpose of keeping up and improving the roads within the corporate limits of the town. In so far as that Act was challenged in the case in 51 *Maryland*, for repugnancy to the 15th Article of the Bill of Rights, this Court did say it was not obnoxious to that objection, because it only took the *road tax* levied on the *real estate* of the town, and applied it to *particular roads* of the public in which all had an interest, although within the town. It was applied *as road tax*, but upon particular roads of the county. It was not necessary to the decision of that case to so determine; for the law was stricken down for repugnancy to a later

statute introducing a new scheme and policy with respect to the public roads of that county.   If this case presented no other question, than was involved in the constitutional question therein incidentally and unnecessarily passed upon, we might think it best to adhere to the opinion there expressed; but the exigencies of this case do not require us to review that decision and to affirm or retract it; for the statute under consideration is much more sweeping in its operation, and presents a very different question.   It takes not only the *road tax* but *all the taxes* levied on the real estate in the town of Laurel, and applies them not *solely to the roads*, as was done by the Act of 1880, but to any other desirable improvement in the town which the town commissioners might decide proper.   The Act is sufficiently broad in its language to include the State taxes also; for there are no restrictive or qualifying words in the statute; but the counsel for the town concedes that the State taxes cannot be so appropriated.   If we could regard the Act constitutional, so far as the county taxes named are concerned, and could consider the State taxes as not having been intended by the Legislature, to be included in its directions, the order enforcing the law should unequivocally except the State taxes from its operation.   The order granting the *mandamus* and appealed from, however, makes no such restriction.   Had such restriction been made, the order still, in our opinion, would not have been maintainable; for we are all of opinion that the law is equally unconstitutional, so far as it proposes to affect the county levy.   It appropriates to the uses of the town of Laurel not the *road tax* only for *road purposes*, as was done by the Act of 1880, ch. 144, but *all* the taxes levied upon the real estate of the town of Laurel, for county purposes.   It takes the tax levied for the maintenance of the Courts, of the alms house,

County Comm'rs of Prince George's Co. *vs.* Comm'rs of Laurel.

of the jail, of the public schools, for building bridges, and all other expenses incident to the county's corporate existence, which comes from the assessable real estate within the corporate limits of Laurel, and applies it to the maintenance of the roads in Laurel, and "such other improvements as the commissioners shall deem proper." If the commissioners of the town should think the introduction of gas, electrical light, or water works, desirable improvements, the taxes thus appropriated could be used to gratify such desires. It is too plain for argument that such legislation cannot be sustained. It is practically exempting the owners of real estate in Laurel, from contribution *pro tanto*, to the necessary expenses of the county government. If it be competent to take the taxes levied upon the real estate in the town for such purposes, all taxes levied on the personal property within the town limits could be taken for the same object, and thus the citizens of Laurel would, in fact, be relieved from contributing a farthing to the support of the county government; and the whole county expenses would be thrown on those who live in the rural districts; and the rural districts would be indirectly supporting a corporation which gave them no protection or advantages. If it is permissible for one town, it would be lawful for all the villages which may exist in the county, and thus a very large increase of taxation might be made necessary for the support of the county government; and no part of the increased taxation would be contributed by the towns. To the extent that the *general* taxes on real estate within the town of Laurel are withdrawn from the public treasury, and applied to the town of Laurel for roads, and such purposes of improvement as its authorities may decide proper, it is too plain for discussion, that the citizens of the town are relieved from sharing the expenses of the county, while enjoying

all the benefits of county government.    This is in plain violation of Art. 15, of the Bill of Rights.

<div align="right">

*Order reversed, and*
*petition dismissed.*