## THE HANNIS DISTILLING CO. *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Taxation of Property in This State Owned by Non-Resident—*
*Validity of Statute Requiring Custodian of Distilled*
*Spirits to Pay Taxes Assessed Against Unidentified*
*Owner—Foreign Corporation Doing Business in*
*This State Subject to General Statute.*

Although it has been held that under the Declaration of Rights Art. 15, taxes are levied *in personam* and not *in rem,* yet the custodian in this State of property owned by a non-resident may be required to pay the taxes on such property, when he is allowed a lien on the same for his reimbursement. That is not a taking of property without due process of law within the meaning of the Federal Constitution.

It is not essential to the exercise of the power to tax the owner of property *in personam* that it should be exerted directly against him by name.

A foreign corporation doing business in this State is subject to the provisions of Code, Art. 81, secs. 214 *et seq.,* which require every warehouse company to pay a tax on the dis-

tilled spirits in its possession by whomsoever owned, although the owner be not identified. Those provisions do not require the assessment of the tax to be made in the name of the owner.

Foreign corporations which are permitted to carry on their business in this State are held to have accepted the restrictions and duties imposed by the laws of this State, and they can claim no other or greater rights than those accorded to domestic corporations.

The provisions of Code, Art. 23, secs. 137 to 141, relating to the conditions under which a foreign corporation may be allowed to do business in this State, do not operate to exempt a foreign corporation doing a warehouse business here from the general law regulating all warehouse companies.

*Decided February 2nd, 1911.*

Appeal from Court of Common Pleas (HEUISLER, J.).

The cause was argued before BOYD, C. J., BRISCOE. PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*Shirley Carter,* for the appellant.

The Court declined to hear *E. A. Poe* and *S. H. Lauchheimer,* for the appellee.

URNER, J., delivered the opinion of the Court.

The main question presented by this record has been three times decided by this Court, and the conclusion it has reached and reiterated has been twice approved by the Supreme Court of the United States. It is now urged that the question be reconsidered upon the theory that its previous determination by this Court was erroneous in principle and that the Supreme Court misconstrued the decision it affirmed. This contention, while extraordinary, was argued with unquestionable sincerity and ability, and we have given care-

ful consideration to the reasons advanced in its support, but we see no occasion to doubt the soundness of the conclusion previously announced or to suppose that the Supreme Court was under any misapprehension as to the basis of the ruling it reviewed.

The case before us involves the collection of taxes alleged to have been lawfully levied by the appellee upon an assessment, duly made by the State Tax Commissioner, of certain distilled spirits in the custody of the appellant corporation in Baltimore City. The defense is predicated upon the alleged invalidity of the statutory provisions for the imposition of the taxes sought to be recovered. These provisions are embraced in sections 214 to 224 of Article 81 of the Code of Public General Laws, and they require, among other things, that the custodian of distilled spirits shall pay for the owner the taxes levied with reference to the property, but reserve a lien upon it as a means of reimbursement for the payment. This legislation is claimed to be in violation of Article 15 of the Declaration of Rights and of the "due process of law" clause of the Fourteenth Amendment of the Constitution of the United States. The supposed invalidity of the statute under the Federal Constitution is asserted to be due not to any inherent repugnancy to that instrument. but to certain limitations which this Court has recognized as having been imposed upon the taxing power of the State by its own organic law. The proposition is that inasmuch as Article 15 of the Declaration of Rights, as construed by this Court, permits taxes to be levied *in personam* but not *in rem,* and as the provisioins in question have accordingly been held to contemplate the taxation of the *owner* of the assessed commodity, therefore the requirement compelling a mere custodian to pay such taxes, though allowing him a lien for his protection, is not a valid exercise of the power of taxation thus restricted, and amounts to the taking of property without due process of law. This theory involves the assumption, first, that the power to tax *in personam* can only

be validly exerted *directly* against the owner of the assessed
property, even though his identification, by reason of pecu-
liar incidents of ownership, may be practically impossible,
and, secondly, that even if a self-imposed limitation of the
taxing power of a State does not invalidate a particular ex-
ercise of such power under the State Constitution, it may yet
be capable of rendering an otherwise inoffensive statute
obnoxious to the Constitution of the United States.

Upon full consideration of the specific objection just stated
the validity of the statute in controversy was sustained in
*Monticello Distilling Co.* v. *Baltimore City,* 90 Md. 416;
*Fowble* v. *Kemp,* 92 Md. 637; *Carstairs* v. *Cochran,* 95 Md.
488; *Carstairs* v. *Cochran,* 193 U. S. 10; and *Hannis Dis-
tilling Co.* v. *Baltimore,* 216 U. S. 285. In the case last
cited the identical reasons now submitted for a reconsidera-
tion of the question were presented and ruled insufficient.
It was there held that as the statute had been conclusively
declared by this Court to be a valid exercise of taxing power
under the Constitution of this State, and as it had been found
in *Carstairs* v. *Cochran,* 193 U. S., *supra,* not to be in con-
flict with the Federal Constitution, there was no substantial
or meritorious basis upon which the contention to the con-
trary could be predicated as a Federal question; and the
appeal was dismissed upon that distinct ground. It would
be difficult to conceive of a situation in which a litigated
question could be more effectually concluded by repeated,
careful and controlling adjudications than is the primary is-
sue in the present case.

In the pleas filed to the declaration the defense we have
stated was supplemented by the allegations that the owners of
the distilled spirits were and are non-residents of Maryland,
and are consequently not liable to taxation by this State, and
that the defendant is a foreign corporation, whose only as-
sumed obligation to the State was to pay the fee of twenty-
five dollars prescribed by statute, and therefore cannot be

lawfully required to pay the taxes here attempted to be collected.

The first of these questions was considered in all of the cases above cited, except that of *Fowble* v. *Kemp,* and it was expressly held that the non-residence of the owner did not affect the legality of the tax.

The point as to the defendant's non-residence appears to be now specifically presented for the first time. It is argued that a corporation can only exist and reside in the State of its creation, although its existence may be *recognized* elsewhere, and that as the taxing statute in question can have no extra territorial effect, it cannot be enforced as against the non-resident defendant unless compliance with its terms has been made the subject of express agreement or has been stipulated as a condition of the right of foreign corporations to engage in business in this State. It is asserted that the defendant never expressly agreed to comply with the statute, and it is contended that the only conditions imposed upon its right to transact business in Maryland are those prescribed by sections 137 to 141 of Article 23 of the Code of Public General Laws of 1904, and that these require only that the business desired to be done shall be such as domestic corporations are permitted to conduct, that a certified copy of the charter be filed and certain information given, that an agent be designated upon whom process may be served, and that the sum of twenty-five dollars be paid to the State. These requirements having been fully performed and the defendant having become entitled to, and having received, a certificate as to its right to pursue its business in Maryland, it is insisted that this right is supported by a contract for a valuable consderation which is not subject to impairment by the exaction of the additional personal duty of paying taxes for the owner of the property in the defendant's custody.

The authorities cited to this proposition were *New York, Lake Erie, Etc., Co.* v. *State of Pennsylvania,* 153 U. S. 628, and *American Smelting Co.* v. *Colorado,* 204 U. S.

103.  In the first of these cases a New York railroad cor-
poration constructed the portion of its road which extended
into Pennsylvania under a statute of the latter State grant-
ing the right to do so in consideration of the payment of
certain prescribed taxes on the property and stock of the
company.  A later statute required all foreign corporations
in paying interest on their bonds to collect and account for
taxes levied by the State on such of the securities as were
held by resident bondholders.  This requirement was held to
be invalid, because, as the Supreme Court states: "It assumes
to do what the State has no authority to do—to compel a
foreign corporation to act, *in the State of its creation,* as
assessor and collector of taxes due in Pennsylvania from resi-
dents of Pennsylvania."  In the *American Smelting Co.
case,* a non-resident corporation entered the State of Colorado
after compliance with a statute which provided that foreign
corporations should be subject to all the liabilities and re-
strictions of domestic corporations, and it was held not to
be legally subject to a higher tax sought to be imposed by a
later Act in disregard of this rule of equality.  These cases
are quite different from the one at bar, and do not in our
judgment support the contention that foreign corporations
engaged in the distilling and warehouse business in Mary-
land should be held exempt from the statutory duty, imposed
upon all corporations alike, to pay taxes validly levied with
respect to property in their custody and within the limits
of this State upon the security of a lien reserved for their
protection.

But the appellant's summary of the statutory provisions
subject to which it was admitted to this State has left out of
consideration the very important and significant declaration
in section 409 of Article 23 of the Code that: "Any corpora-
tion not chartered by the laws of this State which shall trans-
act business therein shall be deemed to hold and exercise
franchises within this State, and shall be liable to suit in any
of the Courts of this State on any dealings or transactions

therein." Section 66 of Article 23 of the Code, enacted as part of the new corporation law by Chapter 240 of the Act of 1908 provides that: "No foreign corporation shall engage or continue in any kind of business in this State, the transaction of which by domestic corporations is not permitted by the laws thereof. And every foreign corporation doing business in this State shall be deemed thereby to have assented to all the provisions of the laws thereof." The obvious purpose of each of these provisions was that foreign corporations, so far as their activities in Maryland are concerned, should be subject to the control of the State, and be responsible for their transactions to the same extent as if they had been created under our own law. This is in accordance with the principle, as stated by this Court, that while "the comity exhibited by the several American States toward each other secures to a corporation created by any one of them almost the same use of its chartered powers and privileges in the territory of the others which it enjoys in the one that created it," yet that comity "is always extended to foreign corporations by the domestic State in such manner as to do no violence to its own policy." *Patapsco Co.* v. *Baltimore City,* 110 Md. 310.

If foreign corporations were exempt from the duty imposed generally upon custodians of distilled spirits to pay the taxes owing by the owner, the whole system of taxation, with reference to that class of property, would be deranged. and a large proportion of the revenue to which the State is entitled from that source would be rendered uncollectible.

The general rule is well settled that foreign corporations which are permitted to come into a State for the prosecution of their business must be held to have accepted the restrictions and duties imposed upon them by the laws of the State they enter, and they can claim no other or greater rights or privileges that these accorded to the domestic corporations. *Central Ga. R. R. Co.* v. *Eichberg,* 107 Md. 372; *Boggs* v. *Inter-American, Etc., Co.,* 105 Md. 371; *Note to Reeves* v.

*Southern Ry. Co.,* (Ga.) 70 L. R. A. 525; *Harding* v. *Amer. Glucose Co.,* 182 Ill. 551; *State* v. *U. S. Mut. Accident Asso.,* 67 Wis. 624; *Horn Silver Mining Co.* v. *State of New York,* 143 U. S. 315. In the case last cited the Supreme Court observed: "It does not lie in any foreign corporation to complain that it is subjected to the same law with the domestic corporation."

We, therefore, hold that the fact of the appellant's incorporation in another State does not relieve it from the duty sought to be enforced in this suit.

The questions we have considered were presented on demurrer to the defendant's pleas relying upon the several defenses indicated. In the Court below the demurrer was sustained, and the defendant electing to stand upon the pleas, judgment was entered for the amount of the taxes claimed. The defendant now invokes the demurrer as mounting to the first error in pleading, to question the sufficiency of the declaration. This is said to be defective in not alleging that the taxes sought to be recovered from the defendant as custodian of the distilled spirits were levied upon an assessment of the property in the names of the respective owners. To sustain this contention would be to defeat the whole policy of our taxing system as to this class of property and ownership, because it is obviously impracticable to identfy at any given time the holders of the negotiable warehouse certificates who own the spirits in storage. It was on account of this very difficulty that the plan of providing for payment of the taxes by the custodian, and reimbursement to him through a lien on the property, was devised. *Monticello Co.* v. *Baltimore City, supra.* It was argued that the law contemplated the assessment of the spirits to the owner by name, but we do not so understand its terms. While section 2 of Article 81 of the Code requires that all property of every kind and description within the State shall be valued and assessed to the respective owners, it is expressly provided in the same section that nothing contained in it or

in the article shall affect sections 214 to 224 inclusive relating to the taxation of distilled spirits. Those sections plainly indicate that the only name with which the assessing and taxing agencies are to be concerned in a case like the present is that of the "owner or proprietor of a bonded or other warehouse in which distilled spirits are stored," or of the "person or corporation having custody of such spirits."

In *Carstairs* v. *Cochran,* 95 Md., *supra,* the fundamental question as to the liability of a custodian to pay taxes under conditions identical with those existing in this case was raised upon demurrer to a declaration which, like the one before us, necessarily omitted an allegation that the assessment had been made in the name of the owners. The demurrer to the declaration in that case was overruled and the same ruling must be made in the case at bar.

There was no error in the judgment of the Court below, and it will be affirmed.

*Judgment affirmed with costs.*