MORRIS GROSSFELD ET AL. vs. E. AUSTIN BAUGH-
MAN, COMMISSIONER OF MOTOR VEHICLES.

*Constitutional Law—Transfer of Motor Vehicle—Requirement
That Taxes Be Paid—Uniformity of Taxation—
Special and Local Laws.*

Acts 1924, ch. 412, prohibiting the commissioner of motor
vehicles from issuing or transferring any plate or marker, cer-
tificate of registration or title, for any motor vehicle owned
in Baltimore City, other than a commercial truck, unless satis-
fied that all taxes thereon for 1924 or subsequent years have
been paid, does not deprive the citizen of his property without
due process of law.     p. 335

The deprivation or inhibition of some designated rights or
privileges of ownership to enforce the payment of a tax is not
a deprivation of property without due process of law, if the
incidence of the process of collection be equal and uniform
with respect to the privileges conferred and the liabilities im-
posed, among all the persons subject to the tax, under like cir-
cumstances and conditions.     p. 335

If a tax law provides for the classification of property sub-
ject to its operation into different classes, and makes for one
of these classes particular provisions, so as to enforce the pay-
ment of taxes on that class of property through regulatory inhi-
bitions on its use and devolution of title, the requirement of
equality and uniformity of procedure is met, provided the pro-
visions have impartial application to all members of this class,
so that the law shall operate equally and uniformly on all per-
sons in similar circumstances.     p. 335

Legislation which is public in its objects does not become
unequal and partial from the circumstance that it is local
rather than general in its application, or that it is restricted to
a particular class instead of embracing all citizens.     p. 335

It is within the recognized province of the Legislature to
classify property according to its character, use, description,
and location.     p. 336

Acts 1924, ch. 412, prohibiting the issue or transfer of any plate or marker, certificate of registration or title, for a motor vehicle, other than a commercial truck, owned in Baltimore City, unless the taxes thereon for 1924 and subsequent years have been paid, is not objectionable because it affects only the residents of one political division of the State, and only that class of its residents who own motor vehicles within that territory other than commercial trucks, the tax and the methods of its application being universal in their application to all of the designated class within the political unit to which they apply.                                              p. 336

There can be no inequality and discrimination in a legal sense where all those of the same class are subject to the same liabilities and enjoy the same privileges.                  p. 336

A general method for the collection of a tax within a distinct political division may be prescribed by the Legislature, unless forbidden by the State Constitution.                        p. 336

The rule of uniformity and equality of taxation is satisfied by provisions relating to the collection and enforcement of a tax, provided these provisions, and any penalties imposed for failure to pay taxes, are equally and uniformly imposed upon persons similarly situated and belonging to the same class.
                                                              p. 337

Acts 1924, ch. 412, prohibiting the issue or transfer of any plate or marker, certificate of registration or title, for a motor vehicle, other than a commercial truck, owned in Baltimore City, unless the taxes thereon for 1924 and subsequent years have been paid, is not open to any constitutional objection.                                                    p. 338

The classification of motor vehicles into two divisions, that of commercial trucks, and those not commercial trucks, is not unreasonable.                                           p. 338

The penalties, imposed by Acts 1924, ch. 412, for failure to pay taxes on the designated class of non-commercial vehicles, of inability to transfer the registration or title, are not so arbitrary or unfair as to fall under the condemnation of the law.
                                                              p. 338

The validity of an enactment does not depend upon its wis-

dom, and the courts will support every law with the presumption of its reasonableness whenever its provisions will permit.
p. 338

An act cannot be held unconstitutional through the assumption that possible misconduct of the officers charged with its administration may result in inequality and discrimination, when a faithful performance of their duties, as reasonably interpreted to have been imposed, would demonstrate that such an assumption is groundless.          p. 338

The method of satisfying the automobile commissioner that the taxes on an automobile owned in Baltimore City have been paid, as a condition precedent to the transfer of title to the automobile, as required by Acts 1924, ch. 412, being a mere administrative detail, it is immaterial that the statute fails to prescribe the method.          p. 338

One aggrieved by the method adopted by the automobile commissioner of carrying out the provisions of Acts 1924, ch. 412, making the payment of taxes a condition of the transfer of the title to non-commercial motor vehicles owned in Baltimore City, may seek his redress by appropriate proceedings against the offending official.          p. 338

Md. Const., art. 3, sec. 33, providing that "the General Assembly shall pass no special law for any case for which provision has been made by an existing general law," forbids a special law, as distinguished from a local law, only where a subsisting general law covers the same subject matter, so that when a special law is in fact a local law it will be upheld.
p. 339

Acts 1924, ch. 412, prohibiting the transfer of title to a non-commercial motor vehicle if taxes thereon are in arrears, although an amendment of a general law, being limited in its application to Baltimore City, is not a special law within. Md. Const., art. 3, sec. 33, forbidding the passage of a special law for any case for which provision has been made by an existing general law.          p. 339

*Decided May 8th, 1925.*

Appeal from the Superior Court of Baltimore City (SOL-TER, J.).

Petition for mandamus by Morris Grossfeld and the Wilson-Nash Motors Company, against E. Austin Baughman, commissioner of motor vehicles for the State of Maryland. From an order dismissing the petition, petitioners appeal. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*E. Allan Sauerwein* and *George W. Lindsay,* with whom were *Sauerwein, Lindsay & Donoho* on the brief, for the appellants.

*Herbert Levy, Assistant Attorney General,* with whom was *Thomas H. Robinson, Attorney General,* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

The question on this appeal is the constitutionality of chapter 412 of the Acts of 1924, which became effective on June 1st, 1924. By this act, article 56 of the Maryland Code of Public General Laws, title "Licenses," sub-title "Motor Vehicles," was amended by the addition of this new section (2 *Bagby's Annotated Code* 1924, art. 56, sec. 183, p. 2003):

"141-A.    The commissioner of motor vehicles is hereby authorized and directed to refuse to issue or transfer any plate or marker, certificate of registration or title for any motor vehicle unless he is satisfied that all taxes due and in arrears thereon have been paid. This section shall only apply to applications made for motor vehicles owned in the City of Baltimore, and provided that this section shall apply only in the case of taxes becoming due and in arrears in the year 1924 and thereafter. Nothing in this act shall apply to commercial trucks."

Morris Grossfield, who was a resident of Baltimore, assigned his certificate of title to a non-commercial truck, on

November 10th, 1924, to the Wilson-Nash Motors Company, which made formal application to the commissioner of motor vehicles for the transfer to it of the title to the automobile on November 12th, 1924. The assignor and assignee had complied with all the statutory requirements for a transfer of the title except only that of chapter 412 of the Acts of 1924, which could not be done as the assignor, admittedly, had not paid the taxes for the year 1924 then due and in arrears on the automobile. The assignee was acting upon the assumption that chapter 412 is void, and, if this be correct, the commissioner should have made the requested transfer of title in accordance with the statute.

The appellants contend that the act is unconstitutional, (1) because it deprives the citizen of his property without due process of law; (2) because it denies to the citizen of Maryland the equal protection of the law; (3) because it violates the constitutional right to the citizen of uniform taxation; (4) because it "infringes fundamental principles of right and justice," and, finally, (5) because it is a special law covering a matter for which provision has been made by an existing general law. In support of this position, provisions of article 14 of the Constitution of the United States; articles 23, 15, and 45 of the Declaration of Rights, and article 3, section 33, of the Constitution of Maryland, are invoked.

1. The act prevents the commissioner of motor vehicles from issuing or transferring any plate or marker certificate of registration or title for any one of a designated class of automobiles without the prepayment of the taxes due and in arrears thereon for 1924 and thereafter. It is obvious that there is here no physical taking of property for public use. Nor is there involved any destruction or impairment of an attribute or quality of property affecting its value or utility through a change in its nature, use, or characteristics. Even an existing right to or use of a plate or marker, certificate of registration or of title, for the particular motor vehicle, is not affected. The law acts prospectively, and simply postpones the operation of the automobile and the

transfer of its title on the records of the commissioner of
motor vehicles while the arrearage for subsequent taxes con-
tinues.  In the instant case there is no question of the valid-
ity of the assessment and the levy of the tax, nor of its
being due and in arrears, so it cannot be maintained that,
if there had been a taking of the automobile for the taxes
by a summary procedure, it would not have been a familiar
administrative process, which has long been established as
being within the meaning of due process of law.  *Davidson
v. New Orleans,* 96 U. S. 97; *Kelly v. Pittsburg,* 104 U. S.
79; *Murray v. Hoboken Land etc. Co.,* 18 How. (U. S.)
272; *McMillen v. Anderson,* 95 U. S. 37; *Eames v. Lavage,*
77 Me. 212; *Weimer v. Bunbury,* 30 Mich. 201, Cooley, J.

*A fortiori* the deprivation or inhibition of some desig-
nated rights or privileges of ownership to enforce the pay-
ment of a tax is not a deprivation of property without due
process of law, if the incidence of the process of collection
be equal and uniform, with respect to the privileges con-
ferred and the liabilities imposed, among all the persons
subject to the tax, under like circumstances and conditions.
*Infra.*

2.  The power to tax is inherent in sovereignty.  The
method of its imposition is, however, a proper subject of
inquiry, and it must survive the test of uniformity and equal-
ity.  If, however, a law provides for the classification of the
property subject to its operation into different classes, and
makes for one of these classes particular provisions, so as to
enforce the payment of the taxes on that class of property
through regulatory inhibitions on its use and devolution of
title, the requirement of equality and uniformity of pro-
cedure is met if the provisions have impartial application to
all members of this class, so that the law shall operate equally
and uniformly on all persons in similar circumstances.  *Mil-
ler v. Wicomico County,* 107 Md. 438, 442, 444; *Cooley on
Constitutional Limitations* (6th ed.), pp. 587, 590.  Legis-
lation which is public in its objects does not become unequal
and partial from the circumstance that it is local rather

than general in its application, or that it is restricted to a particular class instead of embracing all citizens. Again, it is within the recognized province of the Legislature to classify property according to its character, use, description, and location. Accordingly, the act before us is not open to objection on the score that it affects only the residents of one political division of the State, and only that class of its residents who are the owners of motor vehicles within that territory, with the exception of commercial trucks. The reason is that the tax and the methods of its collection are universal in their application to all of the designated class within the political unit to which they apply. 1 *Cooley on Taxation* (4th ed.), secs. 249, 259, 260; *Jennings v. Coal Ridge Imp. Co.,* 147 U. S. 147.

3. As there can be no inequality and discrimination in a legal sense where all those of the same class are subject to the same liabilities and enjoy the same privileges, so a general method for the collection of a tax within a distinct political division may undoubtedly be prescribed by the Legislature, unless forbidden by the State Constitution. As stated by an eminent authority, "Very summary methods are sanctioned by practice and precedent." *Cooley on Constitutional Limitations* (6th ed.), pp. 480, 481, 639, n. 4; 3 *Cooley on Taxation* (4th ed.), sec. 1326; *State v. Mayhew,* 2 Gill, 487. And the reason is that the State will not endure without the regular and uniform receipt of the public revenue, and, by virtue of this imperative necessity, the State cannot tolerate delay in the payment of taxes. Hence, we find the legislative body providing for distress and sale of property; detention of imported goods until payment is made; imposition of penalties for non-payment; making payment a condition precedent to the exercise of some legal right, such as voting at elections, the bringing of a suit or the carrying on of a business, *supra.* 3 *Cooley on Taxation* (4th ed.), secs. 1351, 1352, 1354; 26 *R. C. L.,* pp. 384, 385.

So, a New York local law which prohibited owners of land in the county, on which taxes have been assessed and remain due and unpaid, from peeling bark or cutting tim-

ber on such land, was held not unconstitutional as being an arbitrary interference with the right of property or beyond the legislative power. *Prentice v. Weston,* 111 N. Y. 460.

The statutes of Maryland afford many illustrations that the rule of uniformity and equality of taxation does not apply to provisions relating to the collection and enforcement of the tax, provided these provisions and any penalties imposed for failure to pay taxes are equally and uniformly imposed upon persons similarly situated and belonging to the same class. 1 *Cooley on Taxation* (4th ed.), secs. 309, 308, 260; *Leser v. Lowenstein,* 129 Md. 244; *Bagby's Code* 1924, art. 81, secs. 52, 67; *Boston & A. R. Co. v. Mercantile Trust & Deposit Co.,* 82 Md. 535, 563, 564; *Degner v. Baltimore,* 74 Md. 144, 147; *Parlett v. Dugan,* 85 Md. 413; *Millikin v. O'Meara,* 74 Colo. 475; *Gozza v. Tiernan,* 148 U. S. 657.

A few pertinent instances may be cited. The distiller, owner or custodian of distilled spirits must pay the taxes thereon as a condition precedent to a surrender of possession, even though it may require one person to pay a tax due by a third party. *Bagby's Code* 1924, art. 81, secs. 229, 239; *Carstairs v. Cochran,* 95 Md. 488; *Hannis Distillery Co. v. Baltimore,* 114 Md. 678; *Baltimore v. State,* 105 Md. 4; *Gittings v. Baltimore,* 95 Md. 425; *Fowble v. Kemp,* 92 Md. 632; *Tax Commission v. Distillery Co.,* 140 Md. 232; see article 81, sections 74, 77. The prepayment of the bonus tax is a condition precedent to corporate existence as well as to the enforcement of corporate rights. *Bagby's Code* 1924, art. 81, sec. 104; *National Shutter Bar Co. v. Zimmerman,* 110 Md. 317; *Maryland Tube Works v. West End Imp. Co.,* 87 Md. 210; *Cleaveland v. Mullin,* 96 Md. 603; *Murphy v. Wheatley,* 102 Md. 504. It is a statutory requisite in some counties that no deed shall be received for record until all public taxes, assessments, and charges for the current year and all prior years shall have been paid. *Vide* Acts 1922, ch. 65 (Carroll County), ch. 56 (Baltimore County).

On precedent and principle, the provisions of the statute
in question are not open to any constitutional objection.
The classification of motor vehicles into two great natural
divisions is not unreasonable, and the penalties imposed
for the failure to pay the taxes on the designated class of
non-commercial motor vehicles cannot be said to be so arbi-
trary or unfair as to fall under the condemnation of law.
It may well be that the Legislature has a practical condi-
tion to deal with in Baltimore City in the collection of taxes
on this form of property, that could best be met by the
enactment of a local statute. But the validity of an enact-
ment does not depend upon its wisdom, and the Court will
support every law with the presumption of its reasonable-
ness whenever its provisions will permit. Nor is the Court
allowed to hold an act unconstitutional through the assump-
tion that possible misconduct of the officers who are charged
with its administration may result in inequality and dis-
crimination, when a faithful performance of their duties as
reasonably interpreted to have been imposed would demon-
strate that such an assumption was groundless. It would be
a novel rule which would permit legislation to be annulled
through the apprehension of maladministration by the pub-
lic officials entrusted with its due execution. No inference
is, therefore, to be made that the automobile commissioner
will act arbitrarily in so simple a matter as being convinced
of the payment of a tax. While the statute does not pre-
scribe the method of satisfying the commissioner that the
tax on the automobile has been paid, yet this was unneces-
sary because the method is a mere administrative detail. If
the carrying out of the law is the occasion of wrong, the
party aggrieved may seek his redress by appropriate pro-
ceedings against the offending officer, but he cannot make
his apprehension of official misfeasance a ground to have the
law set aside. 1 *Cooley on Taxation* (4th ed.), secs. 260,
266, 307-310.

4. The final objection is based upon that clause of section
33 of article 3 of the Maryland Constitution which is: "And

the General Assembly shall pass no special law for any case for which provision has been made by an existing general law." A reading of the whole article makes it patent that this clause only forbids a "special" law as distinguished from a "local" law where a subsisting "general" law covers the same subject matter. The distinction is clear and has been uniformly drawn, so that, when a "special" law is in fact a "local" law, it will be upheld.

The act now before the Court is an amendment of a general law, but it is limited in its application to the City of Baltimore. In no accepted sense may it be construed to be a "special" law within the scope of the constitutional inhibition.

As we have shown, the act affects all of a distinct class within a defined territorial unit, and does not apply to those who are outside the boundary of Baltimore City. The case of *Baltimore v. Allegany County,* 99 Md. 1, is a complete refutation of the argument that the statute before us is a special one. In that decision, this Court stated the rule (p. 12): "In *Cooley's Constitutional Limitations,* 165, note, it is said: 'The term *general,* when used in antithesis to *special,* means relating to *all* of a class, instead of to *persons* only, of that class.' In *Bouvier's Law Dictionary* (Rawle's ed.) p. 1034, it is said: 'The features of local and special legislation overlap, but they are not coterminous. The matter to which a local law relates may be either general or special, but in either case the law itself is not in force outside of the locality for which it is passed.' Recognizing this distinction, this Court, through Judge Alvey, in *State v. County Commissioners,* 29 Md. 520, said: 'Local laws of the class to which the act under consideration belongs, are distinguished from public general laws only in this, that they are confined in their operation to certain prescribed or territorial limits.'" *Prince George's County v. B. & O. R. R. Co.,* 113 Md. 179, 183-186; *Revell v. Annapolis,* 81 Md. 13, 14; *Prince George's County v. Laurel,* 51 Md. 460; *Baltimore v. United Rys. Co.,* 126 Md. 54. Where particular local

conditions prevail it is customary to meet them with local legislation, and this necessary field of legislation is not denied by the Constitution of Maryland. It should not be overlooked that uniformity and equality are quite as necessary in the collection of taxes as in their imposition.

Finding no error in the judgment of the lower court, the order dismissing the petition for mandamus will be affirmed.

*Order affirmed, with costs to the appellee.*