555 A.2d 1060

**Gary RUCKER**

v.

**COMPTROLLER OF The TREASURY.**

**No. 24, Sept. Term, 1987.**

Court of Appeals of Maryland.

April 6, 1989.

Charles F. Eason, Jr. (Eason & Eason, Chartered, on the brief) Bethesda, for appellant.

Gaylin Soponis, Asst. Atty. Gen., (J. Joseph Curran, Jr., Atty. Gen., Deborah B. Bacharach and Linda Koerber Boyd, Asst. Attys. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE and ADKINS, JJ., and JAMES F. COUCH Jr., Associate Judge of the Court of Appeals (retired), Specially Assigned.

COLE, Judge.

The question to be answered in this case is whether the appellant may be required to pay sales/use taxes under the statutory provisions which impose personal liability upon "any officer" of a delinquent corporation.[1]

---

1. Both statutory provisions at issue in this case, viz., Art. 81, §§ 331(a) and 383, have been recodified in pertinent part in the Md. Tax–General Code Ann. § 11–601(c)(1) (1988).

One of the statutory provisions involved, Md.Code (1957, 1980 Repl.Vol.) Art. 81, § 331(a), the sales tax section, provides:

**When tax payable by purchaser directly to Comptroller; liability of corporate officers.**

Where a purchaser has failed to pay or a vendor has failed to collect a tax upon a taxable sale, then in addition to all other rights, obligations and remedies provided in this subtitle, such tax shall be payable by the purchaser directly to the Comptroller, and the purchaser shall file a return thereof with the Comptroller and pay the tax imposed thereon to the Comptroller before the twenty-first day of the month following the month in which such sale is made. When any corporate vendee fails to pay the tax as provided in this section, then in addition to the liability of such corporate vendee, the officers, or any of them, of such corporation shall be personally liable for such tax.

The other provision, Article 81, § 383, relates to the use tax and provides:

Any person who uses, stores or consumes tangible personal property or services subject to tax under the provisions of this subtitle upon which the tax herein imposed has not been paid either to the Comptroller or to the vendor making the sale thereof, shall be liable for the tax. It shall be the duty of such person to file a return with the Comptroller and to pay the tax imposed by § 373 of this subtitle. The return to be filed as specified in this section shall be as prescribed in § 387 of this subtitle. If any corporation fails to pay the tax as hereby required, then in addition to the liability of the corporation, any officer of the corporation shall be personally liable for the tax.

We set forth the factual background giving rise to the issue.

In February, 1982, Thomas Payne, John Morris, and the petitioner, Gary Rucker, formed the Component Package

Corporation. Each contributed $1,000.00 to the corporation, became equal stockholders, and assumed the offices of president, vice president, and secretary-treasurer, respectively. In February, 1983, Payne resigned as president and received a refund of his $1,000.00 for his one-third share of the stock. Rucker thereupon became a 50% owner of the outstanding shares of the corporation's stock. Rucker also assumed the office of president for which he received a salary of $200.00 per month.

In the fall of 1983, the Comptroller of the Treasury was advised of the imminent demise of the corporation and ordered an audit. The corporation had been in the business of manufacturing and installing prefabricated wall units.[2] The audit revealed that the corporation owed $98,793.98 plus penalty and interest for sales and use taxes arising during the period February, 1982, through October 31, 1983. The Comptroller's office levied an assessment on Rucker as an officer of the corporation for the full amount.

Rucker appealed the assessment to the Comptroller who, after a hearing, affirmed the assessment but waived the penalty imposed. Rucker then appealed to the Maryland Tax Court and the Circuit Court for Charles County to no avail.

The Maryland Tax Court ruled that the language in question could not be more clear and affirmed the decision of the Comptroller. Specifically, the tax court stated:

Section 383 ... says if any corporation fails to pay the taxes hereby required, then in addition to the liability of the corporation, any officer of the corporation shall be personally liable for the tax. I think the General Assembly is saying ... that they are tagging anyone who has any connection with the corporation.

---

2. The wall units were installed as improvements to real property and therefore were subject to sales and/or use taxes pursuant to §§ 324(f)(3) and 372(i)(2) of Article 81 of the Maryland Annotated Code and COMAR 03.06.01.53.

The Circuit Court for Charles County reviewed the record from the tax court and heard additional argument from counsel. The circuit court affirmed the tax court and Rucker appealed to the Court of Special Appeals. We granted certiorari prior to review by the intermediate appellate court.

Rucker argues that Article 81, §§ 331 and 383, should be interpreted in a manner which limits personal liability to only those corporate officers who either had the duty to collect and pay the taxes or who had a duty to supervise such payment. He insists that the statutes should be strictly construed in his favor.

Rucker directs the Court's attention to Article 81, § 312(h)(4), which relates to the collection of withholding taxes and limits personal liability to those officers responsible for collection of the tax. In Rucker's view, there is no rational basis for imposing a more severe obligation on a corporate officer under the sales and use tax laws than that imposed under the withholding tax laws. Assuming that we interpret the statutes as Rucker suggests, he contends that we must remand to the tax court for factual findings as to whether he was responsible for the payment of the taxes before personal liability can attach. Furthermore, Rucker suggests that the statutes are arbitrary and unreasonable in violation of the Fourteenth Amendment to the United States Constitution and Article 24 of the Maryland Declaration of Rights.

The Comptroller argues that there is no basis for overturning the assessment against Rucker. In particular, the Comptroller emphasizes that the taxes owing to the State are undisputed and that the lower courts interpreted the language of the pertinent statutes in accordance with their plain meaning. In the Comptroller's view, because Rucker admitted that he was an officer of the corporation, he is personally liable for the outstanding taxes. Moreover, the Comptroller asserts that if we were to accept Rucker's narrow construction of the statute, we would in effect be impermissibly rewriting the statutes. The Comptroller con-

tends that the legislature meant exactly what it said when drafting Article 81, §§ 331 and 383.

The Comptroller also cites Article 81, § 312(h)(4); however, unlike Rucker, the Comptroller points to that section for the proposition that the legislature knew how to limit liability to particular officers. As the Comptroller sees it, the legislature intentionally excluded such limiting language from §§ 331 and 383 so as to ensure a broad base of liability.

In regard to Rucker's constitutional due process argument, the Comptroller notes that Rucker fails to cite any authority for the proposition that there is no rational basis for the statutory imposition of liability on "any officer" of a corporation which fails to pay its sales and use taxes. Thus, the Comptroller reasons that Rucker has failed to meet his burden of establishing the statutes' unconstitutionality. Finally, the Comptroller contends that the legislation is not arbitrary or capricious because personal liability is imposed equally and uniformly on all corporate officers as to sales and use taxes owing to the State.

■ Maryland Code (1957, 1980 Repl.Vol., 1987 Cum. Supp.) Art. 81, § 229(*o*), supplies the standard of review in this case. That provision mandates that the order of the tax court be affirmed "if it is not erroneous as a matter of law and if it is supported by substantial evidence appearing in the record." In regard to this standard, this Court has indicated that a reviewing court is under no statutory constraints in reversing a tax court order which is premised solely upon an erroneous conclusion of law. *Ramsay, Scarlett & Co. v. Comptroller,* 302 Md. 825, 834, 490 A.2d 1296, 1300–1301 (1985). Here our concern is with the tax court's interpretation of the scope of personal liability under §§ 331 and 383. We begin with an outline of the rules of statutory construction applicable to this case.

■ As is often stated, the primary goal in a case requiring statutory construction is to ascertain and effectuate the intent of the General Assembly. *Comptroller v.*

*American Satellite Corp.*, 312 Md. 537, 544, 540 A.2d 1146, 1150 (1988); *Dean v. Pinder*, 312 Md. 154, 161, 538 A.2d 1184, 1188 (1988); *Kaczorowski v. City of Baltimore*, 309 Md. 505, 512–13, 525 A.2d 628, 632 (1987); *Comptroller v. Fairchild Industries*, 303 Md. 280, 284, 493 A.2d 341, 343 (1985). In fulfilling this function, the reviewing court considers the language of the enactment itself in its natural and ordinary signification. When a statute is susceptible of more than one meaning, the court may consider the consequences resulting from one meaning, rather than another, and adopt the construction which promotes the most reasonable result in light of the objectives and purpose of the enactment. *American Satellite Corp.*, 312 Md. at 544, 540 A.2d at 1150. Moreover, the legislative intent—more accurately described as legislative goal or purpose—is to be divined by considering the language of the statute in the context within which it was adopted. *Kaczorowski*, 309 Md. at 513–14, 525 A.2d at 632; *Tucker v. Fireman's Fund Ins. Co.*, 308 Md. 69, 75, 517 A.2d 730, 732 (1986).

The fundamental purpose of §§ 331 and 383 is to increase the revenues which the state receives from sales and use taxes. *Grossfield v. Baughman*, 148 Md. 330, 336, 129 A. 370 (1925) (the state could not endure without the regular and uniform receipt of public revenue). These revenues are increased when liability for payment of the taxes is extended to the individuals who are in the most efficacious position to control the corporation's fiscal management. At the same time, an abiding concern of the court is that the extension of liability not become unreasonable.

Here, the tax court found that §§ 331 and 383 mandate the extension of personal liability to *any* officer of a corporation found to be owing sales or use taxes to the state. Because Rucker was secretary-treasurer and president of the company the Comptroller found him personally liable for the delinquent taxes. This construction was based on what the tax court regarded as the plain meaning of the language utilized in the respective statutes.

Md.Code (1985 Repl.Vol.) §§ 2–109 and 2–412 of the Corporations and Associations Article require that a Maryland corporation name a president, a secretary, and a treasurer when the corporation is organized. Once in office, these individuals are frequently vested with extensive power and authority to manage the day-to-day business concerns of the corporation.

In the case *sub judice,* it is undisputed that Rucker was an officer of the corporation. Indeed, he served at all times as the company's secretary-treasurer and within one year of corporate formation also became its president. Nevertheless, Rucker denies any active involvement in the corporation's financial affairs and, on these grounds, denies liability for the sales and use taxes which the corporation owes to the state.

Rucker argues that since this legislation does not pinpoint certain officers as being responsible for payment of taxes, the tax court should look to see who in the corporation actually is assigned the responsibility of payment of taxes. However, we find no merit in this argument nor are we prepared to agree with the tax court's suggestion that the legislature intended to "tag[] anyone who has any connection with the corporation" with this responsibility. In any event, we need not go that far.

■ As we see it, Rucker's argument is specious. When he consented to and accepted election to one of the statutorily designated offices, he simultaneously became responsible for the payment of the corporation's sales and use taxes. Accordingly, the Comptroller properly assessed Rucker for the full amount of the delinquent taxes.

■ Unrelenting in his effort to escape liability for payment of the sales and use taxes due by the corporation, Rucker claims the statutes unconstitutionally deprive him of property without due process of law. Apparently Rucker argues that the statutes are arbitrary and irrational because, he contends, they potentially saddle liability on offi-

cers who had no responsibility for the collection and payment of taxes. Rucker's argument is totally without merit.

The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty or property, without due process of law." [3] Rucker makes no suggestion of any defect in the procedure; he seems to suggest, at best, a violation of substantive due process. Our cases make clear that the guarantee of substantive due process is satisfied if the statute has a rational basis for its enactment. *See Comprehensive Acct. v. Md. State Bd.*, 284 Md. 474, 483, 397 A.2d 1019 (1979). Furthermore, our cases require that if one would successfully attack a statute on such due process grounds, he bears the burden of proving the absence of such rational basis. *Id. See also Governor v. Exxon Corp.*, 279 Md. 410, 424, 370 A.2d 1102 (1977); *Ogrinz v. James*, 309 Md. 381, 524 A.2d 77 (1987).

In the circumstances of this case, not only has Rucker not met his burden but the rational basis for holding the officers liable for payment of taxes is obvious—the collection of taxes due and owing which might otherwise go unpaid.

As we see it, there is nothing arbitrary about holding persons liable for taxes who hold themselves out as responsible for corporate conduct and management. Here not only was Rucker responsible under the design and intent of the statute but also by his actual conduct since he paid these same kind of taxes for this corporation in the past. There was no violation of his due process rights.

For all the above reasons, the judgment of the Circuit Court for Charles County is affirmed.

JUDGMENT AFFIRMED. APPELLANT TO PAY THE COSTS.

---

**3.** Article 24 of the Maryland Declaration of Rights and the Fourteenth Amendment to the U.S. Constitution are usually interpreted as having the same meaning.